## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**ALLAH BURMAN,**

    **Petitioner,**

    **v.**

                      **Civil Action No.:  JKB-26-1341**

**KELLY O. HAYES,**
**KIM WILSON,**

    **Respondents.**

### MEMORANDUM AND ORDER

The above-captioned Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. § 2241 by self-represented Petitioner Allah Burman.  Burman states that he is currently in home confinement in Baltimore, Maryland under the authority of Volunteers of America.  (ECF No. 1.) Burman has also filed a Motion for Show Cause Order and a Motion to Expedite.  (ECF Nos. 2 and 3.)  For the reasons that follow, the Petition will be dismissed and the Motions will be denied.

Burman states that he is filing this Petition pursuant to § 2241 because he has already filed "multiple § 2255 motions" and is thus unable to satisfy the gatekeeping requirements for filing a successive § 2255 motion.  (ECF No. 1 at 2.)  He claims that there was a lack of subject matter jurisdiction in his criminal case rendering the judgment void; that the Drug Enforcement Administration overreached its authority as an executive agency because executive agencies cannot create federal criminal jurisdiction; and the lack of jurisdiction in his case constitutes a fundamental defect that results in a miscarriage of justice.  (*Id.* at 2.)  All of these factors, says Burman, render his current confinement illegal and entitle him to immediate release.

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "saving clause" in § 2255(e). This provision allows a prisoner to seek relief under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Supreme Court clarified what qualifies as a claim that meets the requirements of the saving clause in *Jones v. Hendrix*, 599 U.S. 465 (2023). Specifically, the Court rejected the notion that the saving clause allows for resort to a § 2241 petition as a vehicle to challenge the validity of a conviction in lieu of a § 2255 motion where the "second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *Id.* at 477. The Court held "that the saving clause does not authorize such an end-run around" § 2255's second-or-successive restrictions. *Id.* Rather, "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

The instant petition clearly challenges the validity of the conviction or sentence and is properly construed pursuant to 28 U.S.C. § 2255. Regardless of the label used by Petitioner, the subject matter of the motion, and not its title, determines its status. *See, e.g., Calderon v. Thompson*, 523 U.S. 538, 553 (1998). A § 2241 habeas petition may not be used to circumvent the statutory limitations imposed on second-or-successive § 2255 motions. *Hendrix*, 599 U.S. at 477. Burman's clear attempt to circumvent these limitations thus fails.

Accordingly, it is ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED;

2

2. The Motions for Show Cause Order and to Expedite (ECF Nos. 2 and 3) are DENIED;

3. The Clerk SHALL MAIL a copy of this Memorandum and Order to Burman; and

4. The Clerk SHALL CLOSE this case.

Dated this 30 day of April, 2026.

FOR THE COURT:

_____

James K. Bredar
United States District Judge

3